# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**ROBERT SHANE HUBBERT**                                       **PLAINTIFF**


**VS.**                          **CAUSE NO.**    4:20cv203-SA-JMV


**ATTALA COUNTY, MISSISSIPPI;**
**SHERIFF TIM NAIL, individually;**
**DEPUTY SHERIFF NICHOLAS COX, individually;**
**DEPUTY SHERIFF DARRIN FLEMING, individually;**
**AND ATTALA COUNTY JAILORS**
**JOHN DOES 1-3, individually**                             **DEFENDANTS**

## COMPLAINT
### (JURY TRIAL REQUESTED)

The Plaintiff, Robert Shane Hubbert ("Plaintiff"), states his claim for damages for the

violation of the rights, privileges and immunities afforded him under the First and Fourth

Amendments of the United States Constitution pursuant to 42 U.S.C. §1983 as follows:

### I. JURISDICTION AND VENUE

1.      The Court has jurisdiction over this suit pursuant to 28 U.S.C. §1331 because the

claims arise under a federal law, specifically 42 U.S.C. § 1983.

2.      Venue is proper in the Northern District of Mississippi under 28 U.S.C. §1391 as

the parties are residents of the Northern District and this cause of action arose in the Greenville,

Mississippi division of the Northern District.

### II. PARTIES

3.      Plaintiff is an adult resident citizen of McCool, Attala County, Mississippi.

4.      Defendant Attala County ("Attala County"), Mississippi is a governmental entity that may be served with process via the President of its Board of Supervisors, Steven Goss, 230 W. Washington St., Kosciusko, Mississippi 39090.

5.      Defendant Tim Nail ("Sheriff Nail") is the Sheriff of Attala County and may be served with process at the Attala County Sheriff's Department, 112 W. Adams St., Kosciusko, Mississippi 39090.

6.      Defendant Attala County Deputy Sheriff Nicholas Cox ("Deputy Cox") is a resident of Attala County and may be served with process at the Attala County Sheriff's Department, 112 W. Adams St., Kosciusko, Mississippi 39090.

7.      Defendant Attala County Deputy Sheriff Darrin Fleming ("Deputy Fleming") is a resident of Attala County and may be served with process at the Attala County Sheriff's Department, 112 W. Adams St., Kosciusko, Mississippi 39090.

8.      Defendants Attala County Jailors John Does 1-3 ("Jailor" or "Jailors") are residents of Attala County and may be served with process at the Attala County Jail, 112 W. Adams St., Kosciusko, Mississippi 39090.

### III.      FACTUAL ALLEGATIONS

9.      On February 4, 2020, the Plaintiff was at his home in Attala County with his wife, Stacy Hubbert.  Stacy began acting erratically as a result of drinking alcohol while taking a prescribed medication. When the Plaintiff tried to help his wife, she became violent.

10.      The Plaintiff then walked over to his father's house, Tommy Hubbert, who lives across the street, to use the phone to call the Attala County Sheriff's Department for assistance.

11.      The Plaintiff then walked back over to his house and waited in his front yard for deputies to arrive.  Approximately twenty (20) minutes later, Deputies Cox and Fleming arrived

on the scene.  The Plaintiff then walked up to his front porch and called for Stacy to come outside and talk to the Deputies. When Stacy came outside, the Plaintiff walked inside and sat on his couch.

12.     After talking to Stacy, Deputy Cox called for the Plaintiff to come outside.  The Plaintiff complied with this request.

13.     Deputy Cox then asked the Plaintiff to walk with him down to the bumper of his patrol vehicle so they could talk.  The Plaintiff complied.  As the Plaintiff was walking toward the car, both Deputies Cox and Fleming attacked the Plaintiff for no reason and slammed him up against Cox's patrol car. They then smashed and twisted both of his hands for no reason. The Plaintiff was not resisting. In fact, as a result of their excessive use of force, Deputies Cox and Fleming broke the Plaintiff's left hand and tore a ligament in his right hand.

14.     After placing the Plaintiff in handcuffs and putting him in their patrol car for transport to the Attala County Jail, Deputies Cox and Fleming asked the Plaintiff if he was in need of medical attention.  The Plaintiff said that he was in need of medical treatment for his hands and his arms, but the Deputies refused to take him to a doctor or the emergency room.

15.      When the Plaintiff arrived at the Attala County Jail, the Jailors saw that the Plaintiff's hands were badly injured and swollen. After processing the Plaintiff and placing him in a cell, the Jailors asked the Plaintiff if he needed medical treatment and he said yes.  The Jailors, however, said that the Deputies should have taken him to the hospital before bringing him to the Jail and that the Deputies would probably take him to the doctor the next day. However, the Jailors refused to arrange for the Plaintiff to go to the doctor that day and the Plaintiff was never taken to a doctor or the hospital.

16.    Instead, the next day Plaintiff was taken to the Attala County Justice Court for an initial appearance where he pled not guilty to a charge of domestic violence.  In support of the charges against the Plaintiff, Deputy Cox signed a false affidavit claiming that the Plaintiff's wife had told him that the Plaintiff had beaten her.

17.    After pleading not guilty, the Plaintiff posted bond and was released that same day.  The charges against him were ultimately dismissed.

18.    After being released from Jail, the Plaintiff sought medical treatment for his broken hand and torn ligament.  As a result of the injuries, the Plaintiff has been wearing a splint and receiving medical treatment. The Plaintiff's surgeon has informed him that the injury did not heal properly and as a result he will suffer from severe arthritis for the rest of his life. He also has sustained permanent injury to his right hand as a result of the ligament injury and has impairment to his right thumb.

## IV.  SECTION 1983 CLAIMS

19.    At all relevant times, Defendants were government employees acting under the color of state law.

20.    Section 1983 creates a private cause of action for citizens who are deprived of their constitutional rights as a result of the actions of the government and its employees.

### A.    Claim 1- False Arrest

21.    The Fourth Amendment to the United States Constitution guarantees the Plaintiff and all citizens of the United States the "right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The Fourteenth Amendment to the United States Constitution's substantive due process clause protects the Plaintiff and all citizens from prosecution in the absence of probable cause.  The right to be free

4

from arrest without probable cause is a clearly established constitutional right." Section 1983 provides the Plaintiff with a statutory remedy for the Defendants' violation of his constitutional rights. In this case, as indicated above, the Plaintiff was arrested without probable cause on a domestic violence charge. At the time of his arrest, the Deputy Cox and Deputy Fleming did not have probable cause to arrest the Plaintiff. The actions undertaken by the Deputy Sheriffs were reckless and/or intentional, and carried out with deliberate indifference to the rights of the Plaintiff. Deputy Cox also intentionally signed a false affidavit in support of the charges where he falsely claimed that the Plaintiff's wife told him that he beat her. As a result of these false charges, the Plaintiff was forced to pay $2,000 in attorney's fees to his criminal defense attorney.

22. Defendant Attala County and Defendant Sheriff Nail, individually, are also liable for violating the Fourth and Fourteenth Amendments based on the policies and customs of the Attala County Sheriff's Department, which encourage and allow United States Citizens such as the Plaintiff to be arrested without probable cause. This policy was the moving force behind the Plaintiff's false arrest. In fact, arresting citizens without probable cause is a systemic problem at the Attala County Sheriff's Department, such that Defendant Sheriff Nail, the "policy maker" for Attala County in regard to law enforcement, knew or should have known that new policies and customs should have been implemented to prevent such constitutional abuses. The failure to adopt corrective measures was done with deliberate indifference to the constitutional rights of the Plaintiff and was the moving force behind his arrest.

23. Defendants Attala County and Sheriff Nail, individually, are also liable for the failure to train their Deputies on how to make arrests with probable cause. This failure to train was the moving force behind the Plaintiff's arrest. Again, Sheriff Nail, the policymaker, was

aware that problems existed in the Department related to false arrests due to a lack of training, yet failed to make sure officers were appropriately trained.

## B.    Claim 2- Excessive Force

24.    The Fourth Amendment to the United States Constitution prohibits the use of unnecessary or unreasonable force during the course of an arrest. The amount of force used against Plaintiff during his arrest was unreasonable, excessive, and unnecessary, evidencing sadistic intention and violating his right to be free from the use of excessive force under the Fourth Amendment to the United States Constitution. Specifically, the Plaintiff was not resisting arrest and was not being uncooperative in any way shape or form.  However, the Deputy Cox and Deputy Felming broke his left hand and also injured a ligament in his right hand without any cause whatsoever.

25.    Defendant Attala County and Defendant Sheriff Nail, individually, are also liable for violating the Fourth and Fourteenth Amendments based on the policies and customs of the Attala County Sheriff's Department, which encourage and allow United States Citizens such as the Plaintiff to be the victim of excessive force at the hands of Deputy Sheriffs.  This policy was the moving force behind the Plaintiff's false arrest. In fact, arresting citizens without probable cause is a systemic problem at the Attala County Sheriff's Department, such that Defendant Sheriff Nail, the "policy maker" for Attala County in regard to law enforcement, knew or should have known that new policies and customs should have been implemented to prevent such constitutional abuses.  The failure to adopt corrective measures was done with deliberate indifference to the constitutional rights of the Plaintiff and was the moving force behind his arrest.

26.     Defendants Attala County and Sheriff Nail, individually, are also liable for the failure to train their Deputies on how to use force correctly and consistent with constitutional standards. This failure to train was the moving force behind the Plaintiff's injury at the hands of the Deputy Sheriffs who exercised excessive force.  Again, Sheriff Nail, the policymaker, was aware that problems existed in the Department related to excessive force due to a lack of training, yet failed to make sure officers were appropriately trained.

### C.     Claim 3- Denial of Medical Treatment

27.     The Due Process Clause of the Fourteenth Amendment guarantees pretrial detainees such as the Plaintiff the right to adequate medical care for serious health care needs. A broken hand and torn ligament qualifies as a serious health care need.  Despite the fact that his hand was clearly broken, and despite his pleas for medical treatment for his hands, Deputies Cox and Fleming deliberately ignored the Plaintiff's request for medical care.  This denial caused the Plaintiff to suffer severe pain and caused him to suffer permanent injury to his hands.

28.     As detailed above, the Jailors at the Attala County Jail also were deliberately indifferent to the Plaintiff's pleas for medical care. Even though the jailors saw the Plaintiff's injury, and consciously recognized that the Plaintiff was in need of medical treatment, they intentionally disregarded the Plaintiff's needs and failed to transport him to the emergency room or otherwise arrange for medical treatment. This is a violation of the Plaintiff's constitutional rights.

29.     Defendant Attala County and Defendant Sheriff Nail, individually, are also liable for violating the Fourteenth Amendments based on the policies and customs of the Attala County Sheriff's Department and the Attala County Jail, which encourage and allow United States Citizens such as the Plaintiff, who are pretrial detainees, to be denied access to medical care. The

7

polices in place at the Department and Jail in regard to medical care for pre-trial detainees are constitutionally inadequate and were the moving force behind the constitutional violation. The denial of medical care is a systemic problem at the Attala County Sheriff's Department and the Attala County Jail, such that Defendant Sheriff Nail, the "policy maker" for Attala County in regard to law enforcement and the Jail, knew or should have known that new policies and customs should have been implemented to prevent such constitutional abuses. The failure to adopt corrective measures was done with deliberate indifference to the constitutional rights of the Plaintiff and was the moving force behind his injury and resulting permanent injury.

30.     Defendants Attala County and Sheriff Nail, individually, are also liable for the failure to train their Deputies and Jailors on how to assess the medical needs of pre-trial detainees and how to ensure that pretrial detainees have access to needed health care. This failure to train was the moving force behind the denial of health care to the Plaintiff. Again, Sheriff Nail, the policymaker, was aware that problems existed in the Department related to the denial of heath care to pretrial detainees, yet failed to make sure his Deputies and Jailors were appropriately trained.

## V.     DAMAGES

31.     The Defendants' egregious conduct detailed above caused the Plaintiff immense emotional distress and personal injury as a result of being subjected to false arrest, excessive force, and the denial of medical treatment. He has also suffered a loss of reputation in his community as a result of the Defendants' actions. The Plaintiff also was forced to expend $2,000 in attorney's fees in order to defend himself from these baseless charges. The Plaintiff also incurred medical bills as a result of the Defendants' actions. The Plaintiff therefore seeks compensatory damages from the Defendants, jointly and severally, in an amount to be

determined at the trial of this cause. The Plaintiff also seeks punitive damages against Sheriff

Nail, Deputy Cox, Deputy Fleming, and the Jailors in an amount sufficient to deter them from

such egregious and intentionally wrongful conduct in the future. The Plaintiff seeks attorneys'

fees and all court costs. The Plaintiff seeks any other relief he may be entitled to under the law.

THIS, the 20th day of November, 2020

Respectfully submitted,
CLAYTON O'DONNELL, PLLC
P.O. DRAWER 676
OXFORD, MS 38655
TELEPHONE: (662) 234-0900

s/ S. Ray Hill, III
S. RAY HILL, III, MSB #100088
rhill@claytonodonnell.com
Attorney for Plaintiff

9